# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| In re:<br><br>DAVID K. CROWE and<br>COLLEEN M. CROWE,<br><br>                Debtors. | Chapter 11<br><br>Case No. 4:19-bk-04406-BMW<br><br>**RULING AND ORDER REGARDING EXPEDITED MOTION FOR (1) DETERMINATION THAT AUTOMATIC STAY IS INAPPLICABLE OR (2) ALTERNATIVELY, FOR RELIEF FROM STAY TO ALLOW ARBITRATOR TO PROCEED; AND (3) RELIEF FROM AUTOMATIC STAY FOR CAUSE TO AUTHORIZE SETOFF (Dkt. 264)** |
|---|---|

  This matter is before the Court pursuant to the *Expedited Motion for (1) Determination that Automatic Stay is Inapplicable or (2) Alternatively, for Relief from Stay to Allow Arbitrator to Proceed; and (3) Relief from Automatic Stay for Cause to Authorize Setoff* (the "Motion") (Dkt. 264) filed by Tucson Embedded Systems, Inc. ("TES") on August 27, 2020; the *Debtors' Objection to Expedited Motion for (1) Determination that Automatic Stay is Inapplicable or (2) Alternatively, for Relief from Stay to Allow Arbitrator to Proceed; and (3) Relief from Automatic Stay for Cause to Authorize Setoff* (Dkt. 267) filed by David K. Crowe and Colleen M. Crowe (the "Debtors") on September 16, 2020; and all filings related thereto.

  In the Motion, TES asks the Court to allow all claims brought by the Debtors in Pima County Superior Court Case No. C20174904 (the "State Court Action"), and any defenses raised thereto, to be liquidated in the pending arbitration proceeding (the "Arbitration"). Specifically,

TES asks the Court to: (1) determine that TES may assert common law defenses to claims brought by the Debtors, without violating the automatic stay; (2) affirm this Court's prior ruling that the arbitrator may liquidate TES's fee application; (3) alternatively, grant stay relief for cause pursuant to § 362(d)(1)[1] to authorize TES to assert and the arbitrator to determine TES's defenses to the Debtors' remaining claims and liquidate TES's fee application; (4) authorize TES to assert a setoff defense to the Debtors' claims in the Arbitration, or alternatively, grant stay relief to permit the assertion of setoff to be made in the Arbitration; (5) grant TES attorneys' fees and costs for bringing the Motion; and (6) waive the 14-day stay of any order.

The Debtors oppose the Motion, with limited exceptions, as discussed below.

The Court held a hearing on the Motion on December 9, 2020, at which time the parties presented oral argument and agreed that the Court could rule on the Motion without taking evidence. Based upon the pleadings, arguments of counsel, and entire record before the Court, the Court now issues its ruling.

**I.     Jurisdiction**

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. No party has contested this Court's jurisdiction to rule on the Motion.

**II.    Factual & Procedural Background**

On April 12, 2019 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thus commencing this case. The State Court Action and Arbitration were commenced pre-petition. The claims asserted by the Debtors in the State Court Action include breach of contract, breach of the covenant of good faith and fair dealing, fraudulent conveyance, interference with contract, fraudulent concealment, fraudulent misrepresentation, and punitive damages claims. As of the Petition Date, the Arbitration remained pending.

TES previously sought an order from this Court allowing the Arbitration to proceed. (Dkt. 55). On July 29, 2019, the Court entered an *Order Allowing Arbitration of Debtors' Claims and*

---

[1] Unless otherwise indicated, statutory references are to the Bankruptcy Code, title 11 of the United States Code.

*Related Issues to Be Determined* (the "Arbitration Order") (Dkt. 124), in which order the Court "determin[ed] that the automatic stay of 11 U.S.C. § 362(a) does not apply to the arbitration of claims brought by the Debtors in Pima County Superior Court Case No. C20174904 . . . and that the Arbitrator may decide the summary judgment motion currently before him and may enter any judgments and awards of pre-petition fees and costs (whether in favor of or against the Debtors) if appropriate; *provided, however, that* TES may not execute on any judgment that may be issued in its favor, except as provided in any confirmed plan of reorganization or Order of this Court, or unless this case has been dismissed without any plan having been confirmed[.]" The Arbitration Order applies only to the issues that were before the Court at the time the Arbitration Order was entered, and the Court "reserve[d] its right to rule on further matters relating to the Arbitration," as well as "preserve[d] all rights of both the Debtors and TES as it relates to the Arbitration[.]" The Arbitration Order further provides that "no other claims or counterclaims may be brought against the Debtors in the Arbitration during the pendency of this case without further Order of this Court, and that all parties reserve their rights with respect to any such claims." The terms of the Arbitration Order remain binding and are incorporated herein.

On September 4, 2019, the arbitrator granted a motion for partial summary judgment filed by TES and other defendants. (*See* Dkt. 267, Ex. 2 at 2). Thereafter, TES and the other defendants filed a second summary judgment motion, which the arbitrator granted in its entirety. (*See* Dkt. 267 at Ex. 2). In his decision regarding the second summary judgment motion, the arbitrator awarded TES and the other defendants their reasonable attorneys' fees and costs, subject to appropriate application, given that the matter arises from contract. (Dkt. 267, Ex. 2 at 12).

TES argues that there are two components of the Arbitration that remain outstanding: (1) the determination of TES's application for attorneys' fees and costs, asserted as the successful litigant in the summary judgment proceedings; and (2) the disposition of a claim asserted by the Debtors against TES in the amount of $62,500 (the "Payment" or "Payment Claim"), which claim TES disputes, and in response to which claim TES has raised the following rights and defenses: (a) excuse by material breach or failure of consideration; (b) recoupment; and (c) offset, i.e. setoff. It is TES's position that the arbitrator should be permitted to liquidate the above-listed

claims and defenses. The Debtors contest the extent to which the arbitrator should be allowed to allocate any fees that are awarded, dispute that the Payment Claim is part of the Arbitration, and contend that resolution of the Payment Claim should be determined by this Court.

## III. Legal Analysis & Conclusions of Law

### 1. Fee Award

The Debtors do not dispute that the arbitrator may, consistent with this Court's Arbitration Order, determine and enter a fee award against them arising from their failed contract claims in the Arbitration. (12/9/2020 Hearing Tr. 55:14-22). However, the Debtors oppose allowing the arbitrator to impose joint and several liability or entertain any equitable shifting theories.

The arbitrator has already awarded TES its reasonable attorneys' fees and costs, subject to appropriate application, and the Debtors retain any and all rights to defend against such fee applications. The Court finds no basis to limit the ability of the arbitrator to determine and enter awards of pre-petition fees and costs arising from the Arbitration which are attributable to the Debtors. This being said, any fees arising from actions taken in this bankruptcy case are reserved for determination by this Court. This Court further retains jurisdiction to determine the allowability of any claims asserted against this bankruptcy estate.

### 2. The Payment Claim

It is the Debtors' position that the Payment Claim, which is property of this bankruptcy estate, as well as the defenses and determination of setoff rights pertaining thereto are beyond the scope of the Arbitration and should be determined by this Court.

The stay generally "prohibit[s] the continuation of a judicial action 'against the debtor' that was commenced before the bankruptcy" and "prohibits 'any act to obtain possession of property of the estate . . . or to exercise control over property of the estate.'" *In re White*, 186 B.R. 700, 703 (B.A.P. 9th Cir. 1995) (quoting 11 U.S.C. §§ 362(a)(1) & (a)(3)). It follows that the primary purpose of § 362 does not apply to offensive actions taken by the debtor. *Id*. at 704. "Where the debtor has initiated a prepetition lawsuit against a creditor, the same policy considerations [underlying § 362] do not exist." *Id*.

Because § 362 does not prevent debtor-plaintiffs from continuing to prosecute pre-

bankruptcy litigation, "[o]ut of fairness, the defendant should be allowed to defend himself from attack, and '[t]he automatic stay should not tie the hands of a defendant while the plaintiff debtor is given free rein to litigate.'" *Id.* at 706 (quoting *In re Merrick*, 175 B.R. 333, 338 (B.A.P. 9th Cir. 1994)). "This is true, even if the defendant's successful defense will result in the loss of an allegedly valuable claim asserted by the debtor." *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 875 (9th Cir. 2011).

The Court will note that although the operative complaint underlying the Arbitration does not specifically reference the Payment Claim, in the complaint, the Debtors expressly allege that TES and other defendants breached the *Purchase Term Sheet* (the "Purchase Term Sheet") (Dkt. 84, Ex. B), under which the Payment Claim arises, including by "depriv[ing] [them] of their consideration under the [Purchase Term Sheet], thus rendering the [Purchase Term Sheet] unsupported by adequate consideration." (*See* Dkt. 308, Ex. 1 at ¶¶ 62-63, 126-130). Further, in the *Claimants' Memorandum Re Scope of Arbitration* (Dkt. 264 at Ex. A) submitted by the Debtors to the arbitrator on April 14, 2018, the Debtors took the position that "[a]ll breaches of the Term Sheet fall within the scope of th[e] Arbitration[,]" including TES's failure to make the Payment. (Dkt. 264, Ex. A at ¶ I.B). Consistent with this position, in the *Plaintiff's Initial Disclosure Statement* (Dkt. 264 at Ex. B), which was submitted by the Debtors to the arbitrator on or about July 27, 2018, the Debtors included an intentional breach claim pertaining to the Payment in their list of alleged breaches of contract. (Dkt. 264, Ex. B at ¶ II.1.iv). Further, in the *Decision on Motion for Summary Judgment* (Dkt. 267 at Ex. 2) issued by the arbitrator on September 16, 2020, the arbitrator acknowledged that the Payment Claim remained an outstanding issue.

Based upon the foregoing, given that the Payment Claim was clearly submitted to arbitration by the Debtors, it is the determination of the Court that liquidation of the Payment Claim is not subject to the automatic stay of § 362. TES's assertion of the defenses of material breach and recoupment are likewise not subject to the automatic stay.[2]

---

[2] The automatic stay does not prohibit TES from asserting its material breach defense, and unlike setoff, which is discussed below, the doctrine of equitable recoupment is not subject to the automatic stay. *In re Gardens Reg'l Hosp. & Med. Ctr., Inc.*, 975 F.3d 926, 932 (9th Cir. 2020); *see also In re Madigan*, 270

That being said, § 362(a)(7) stays "the setoff of any debt owing to the debtor that arose before the commencement of the [bankruptcy] case . . . against any claim against the debtor[,]" and § 553 generally preserves a party's setoff rights.[3] "Courts generally recognize that, by establishing a right of setoff, the creditor has established a prima facie showing of 'cause' for relief from the automatic stay under § 362(d)(1)." *In re Gould*, 401 B.R. 415, 426 (B.A.P. 9th Cir. 2009*), aff'd*, 603 F.3d 1100 (9th Cir. 2010) (quoting *In re Ealy*, 392 B.R. 408, 414 (Bankr. E.D. Ark. 2008)). However, even if the creditor establishes a prima facie showing of cause within the meaning of § 362(d)(1), the party opposing stay relief may nevertheless establish that stay relief is inappropriate under the facts of the case. *Id.*

In this case, TES has represented that it seeks to have the arbitrator first rule with respect to its material breach and recoupment defenses. Then, to the extent the arbitrator does not find that the Debtors' Payment Claim is barred by either of these defenses, TES seeks authority to allow its setoff claim to be determined by the arbitrator.

Even assuming that TES can establish a prima facie showing that there is cause to allow the arbitrator to determine its setoff rights, the Debtors have raised significant due process concerns and issues negatively impacting administration of the estate, and as such, have demonstrated that stay relief with respect to TES's setoff claim is inappropriate at this time, given the facts of this case.

Generally speaking, the Bankruptcy Code dictates the priority in which claims are paid. Setoff, however, effectively "elevates an unsecured claim to secured status," whereby overriding the priority scheme in the Code. *Lee v. Schweiker*, 739 F.2d 870, 875 (3d Cir. 1984). As such, resolution of the setoff claim at issue would implicate core bankruptcy matters and may prejudice creditors of this estate, who have no ability to participate in the Arbitration. At this juncture, the fee claims which provide the basis for TES's asserted setoff rights have not yet been liquidated. It is the determination of this Court that until such claims are liquidated, the extent to which

---

B.R. 749, 754 (B.A.P. 9th Cir. 2001).

[3] Section 553 provides in part: "Except as otherwise provided . . . [the Bankruptcy Code] does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under [the Bankruptcy Code] against a claim of such creditor against the debtor that arose before the commencement of the case . . . ." 11 U.S.C. § 553(a).

creditors could be prejudiced by a setoff determination made by the arbitrator remains unknown, such that stay relief is not warranted.

Based upon the foregoing, the Court does not find cause to grant stay relief pursuant to § 362(d)(1) to allow the arbitrator to consider any setoff claim asserted by TES, and such relief must be denied.

**IV. Conclusion**

Wherefore, based upon the foregoing, upon consideration of the entire record before the Court, and for good cause shown;

**IT IS HEREBY ORDERED** authorizing the Arbitration to proceed to determine the application(s) for fees and costs incurred by TES in the Arbitration which are attributable to the Debtors. Any fees arising from actions taken in this bankruptcy case are reserved for determination by this Court, as is the ultimate allowability of claims asserted against this estate.

**IT IS FURTHER ORDERED** authorizing the Arbitration to proceed to liquidate the Payment Claim, subject to the limitations set forth herein.

**IT IS FURTHER ORDERED** that TES's request for stay relief to assert a right of setoff in the Arbitration is denied, and TES must return to this Court for any determination of setoff or offset rights pertaining to the Payment Claim.

**IT IS FURTHER ORDERED** denying TES's claim for attorneys' fees related to this motion, without prejudice.

**IT IS FURTHER ORDERED** denying the request to waive the 14-day stay of this Order.

**DATED AND SIGNED ABOVE.**

Notice to be sent through the Bankruptcy Noticing
Center ("BNC") to the following:

David K. Crowe
Colleen M. Crowe
3650 W Camino Christy
Tucson, AZ  85742

Notice of Electronic Filing to be sent via email, through the CM/ECF System, to ALL registered users, including:

Frederick J. Petersen
Issac D. Rothschild
Mesch, Clark & Rothschild, P.C.
*Counsel for the Debtors*

Kasey C. Nye
Waterfall, Economidis, Caldwell, Hanshaw & Villamana, P.C.
*Co-counsel for Tucson Embedded Systems, Inc.*

Todd Jackson
Jean Roof
Jackson & Oden, PLLC
*Co-Counsel for Tucson Embedded Systems, Inc.*

Bradley J. Stevens
Joel F. Newell
Jennings, Strouss & Salmon, P.L.C.
*Counsel for Official Committee of Unsecured Creditors*